UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

COREY T. POLNITZ,
  Plaintiff,

v.                 08-1035

PEORIA COUNTY, et al.,
  Defendants.

### MEMORANDUM OPINION AND ORDER

Before the court are the defendants, Mike McCoy, Steve Smith and Stan Kester's motion to dismiss [2] and the plaintiff's response [25].

### Standard

It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972), *reh'g denied*, 405 U.S. 948 (1972). *See also Tarkowski v. Robert Bartlett Realty Company*, 644 F.2d 1204 (7th Cir. 1980). They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521; *Gregory v. Nunn*, 895 F.2d 413, 414 (7th Cir. 1990).

When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts--as well as any inferences reasonably drawn therefrom--in the light most favorable to the plaintiff. *Bethlehem Steel Corp. v. Bush*, 918 F.2d 1323, 1326 (7th Cir. 1990). Dismissal should be denied whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff. *Tarkowski*, 644 F.2d at 1207, *quoting Littleton v. Berbling*, 468 F.2d 389 (7th Cir. 1972).

### Arguments

The defendants argues that the plaintiff's claims against Mike McCoy, Steve Smith and Stan Kester must be dismissed for failure to exhaust the administrative remedies available, as required by 42 U.S.C. §1997e(a). The defendants asserts that the plaintiff checked the box on the prisoner complaint form indicating that he was aware of the grievance procedure available at the Peoria County Jail and he checked the box indicating that he filed a grievance concerning the facts relating to this complaint. Further, the defendants point out that the supporting documents the plaintiff attached to his complaint show that the plaintiff filed a document he called a grievance. (Attachment to plaintiff's complaint, p. 6 and 7). The defendants argue that calling a document a grievance, however, does not make it a properly filed grievance. The Supreme

Court has held that 42 U.S.C. §1997e(a) requires proper exhaustion of administrative remedies which "demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 126 S.Ct. 2378, 2386 (2006). Additionally, the Supreme Court has upheld the dismissal of claims for monetary damages even when monetary damages were not available in the administrative proceeding. *Booth v. Churnier*, 121 S.Ct. 1819 (2001). The Peoria County Sheriff has promulgated the Peoria County Jail Policies and Procedure Manual which includes Section 326, which requires, "All complaints must be written on an Inmate Request Form and signed by the inmate, and will be forwarded as addressed." That Section goes on to state, "Complaints concerning Jail officers or Sergeants will be forwarded to the Deputy Correctional Superintendent. All other complaints will be foreworded [sic] to the Shift Sergeant." (Exhibit 1.) The defendants point out that the plaintiff's purported grievance is not on an Inmate Request Form nor was it directed to the Deputy Correctional Superintendent as required by this policy. The defendants argues that this means the plaintiff has not exhausted administrative remedies because he has not filed a complaint in the manner required under the policy creating the grievance process for inmates and detainees at the Peoria County Jail.

In response, the plaintiff argues that if the defendants knew the "complaint" (plaintiff's October 15, 2007 letter addressed to Sheriff McCoy and his December 24, 2007 letter addressed to Steve Smith, which the plaintiff calls his grievance) was improper, then they should have returned the improper "grievance" to the plaintiff at his place of incarceration and advise him that the complaint was an improper grievance. Further, the plaintiff asserts that at the time he filed the "grievance" he was not in the custody of the defendants and therefore "a proper complaint should have been sent to the plaintiff with proper instructions on filing a complaint" Further, the plaintiff now asserts that he was denied "Inmate Complaint forms" at the county jail. He does not claim that any of the defendants denied his requests for Inmate Request forms, the proper forms needed to file a grievance at the jail.

This Court can take judicial notice of "historical documents, documents contained in the public record, and reports of administrative bodies." *Menominee Indian Tribe of Wisconsin v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998); *see also Driebel v. City of Milwaukee*, 298 F.3d 622 (7th Cir. 2002), *Toney v. Burris*, 829 F.2d 622 (7th Cir. 1987). Additionally, "A court may consider judicially noticed documents without converting a motion to dismiss into a motion for summary judgment." *Menominee*, 161 F.3d at 456. In this case, the plaintiff has referred to the grievance procedure in his complaint and attachments. (Complaint, p. 4, 7, 8; Attachments, p. 2-4, 6, 7). Also, the grievance procedure is contained in the Peoria County Jail Policies and Procedure Manual, which is a public record just like the Milwaukee Police Department Manual of Rules and Regulations of which the Seventh Circuit took judicial notice in *Driebel*, 298 F.3d at 631. Accordingly, Section 326 can be considered by this court without converting this motion to a motion for summary judgment.

The court finds this plaintiff has not exhausted administrative remedies for the incidents he complains about in this lawsuit. In his complaint, the plaintiff admits that he new there was a

grievance procedure at the jail. However, he failed to comply with the jail's procedural rules. First, he did not submit an Inmate Request form. Further, even if the plaintiff's letters to the defendants were considered grievances, he failed to address them to Deputy Correctional Superintendent or the Shift Sergeant as required by the jail procedural rules. Because the plaintiff failed to file a grievance in accord with the mandated grievance procedure, the plaintiff's complaint is dismissed in its entirety for failure to exhaust administrative remedies.

It is therefore ordered:

1. Pursuant to 42 U.S.C. §1997e(a), the plaintiff's entire complaint is dismissed for failure to exhaust administrative remedies prior to bringing this lawsuit.
2. If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the outcome of the appeal. Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate a strike under 28 U.S.C. 1915(g).
3. Release from incarceration does not relieve the plaintiff's obligation to pay the filing fee in full. The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such change.

Enter this      day of February 2009.

s\Harold A. Baker
_____
Harold A. Baker
United States District Judge
